UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VINCENT CHESTER,

    Plaintiff,

v.                                          Case No. 3:20-cv-1003-J-39JBT

SANTA ROSA CORRECTIONAL
INSTITUTION, et al.,

    Defendants.
_____

**ORDER**

Plaintiff, an inmate of the Florida penal system, filed an emergency motion for preliminary injunction or for protective order (Doc. 5; Motion). Plaintiff alleges Defendants and other officers at Santa Rosa Correctional Institution (SRCI) threatened and intimidated him and his witnesses because Plaintiff is "an active litigant in this Court." See Motion at 1. As one example, Plaintiff asserts Defendant Hair threatened to have him beaten or killed because Plaintiff reported that Defendant McGee choked and beat him in 2019. Id. at 1-2.[1]

---

[1] In light of Plaintiff's assertions, the Clerk of Court sent a copy of Plaintiff's motion and the Amended Standing Order (Doc. 6) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Plaintiff's correctional institution.

Plaintiff further alleges that officers at SRCI physically abuse and mistreat mentally ill inmates, including himself. Id. at 3. Plaintiff seeks entry of a preliminary injunction "enjoining Defendants and their agents from engaging [in] retaliatory or intimidating or threatening conduct toward Plaintiff" and his witnesses. Id. at 4. Alternatively, he seeks a protective order. Id. Finally, Plaintiff asks for leave to amend his complaint. Id. at 4-5.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel, 234 F.3d at 1176. Moreover, the request for injunctive relief must be related to the claims raised in the operative complaint. See Kaimowitz v. Orlando, Fla., 122

F.3d 41, 43 (11th Cir. 1997), opinion amended on reh'g, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. Importantly, this case has been dismissed. See Order of Dismissal (Doc. 3). Thus, Plaintiff is unable to demonstrate a substantial likelihood of success on the merits of the underlying claims, which appear to be based on different allegations or incidents than those referenced in his motion.[2] Additionally, Plaintiff alleges no facts showing he faces an imminent threat of harm. Rather, he complains of past incidents, some of which occurred in 2019. See Motion at 2. Even more, any harm Plaintiff fears is speculative because he is not currently housed at SRCI. According to the Florida Department of Corrections (FDOC) website, Plaintiff is currently housed at the Reception and Medical Center. See FDOC Offender Information Search, available at http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited January 5, 2021).

---

[2] Plaintiff initiated this action by filing a letter (Doc. 1) in which he alleged staff at SRCI were not properly running the mental health unit, in violation of a settlement agreement. He also alleged officers were abusing and harming inmates.


In an exhibit Plaintiff submitted with his motion (Doc. 5-2), he states he is "about to be sent back" to SRCI, where he fears he again will be subjected to abuse and retaliation. To the extent Plaintiff wants the Court to intervene in his scheduled transfer, Plaintiff should know district courts generally will not interfere in matters of prison administration, including an inmate's place of confinement. See, e.g., McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.").

Not only does Plaintiff fail to establish the substantive prerequisites for injunctive relief, he has not complied with this Court's Local Rules, which require that a motion for injunctive relief be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury, describe precisely the conduct sought to be enjoined, and include a supporting memorandum of law. See M.D. Fla. R. 4.05(b)(1)-(4), 4.06.

If Plaintiff wants to raise claims regarding incidents that occurred at SRCI, the Court has previously informed Plaintiff that any such claims should be pursued in the United States District Court for the Northern District of Florida. Because any claims related to the conditions of Plaintiff's confinement at SRCI should be raised in the Northern District, and because this case is closed, the Court will not permit Plaintiff an opportunity to submit an amended complaint in this Court.

Accordingly, Plaintiff's motion for injunctive relief (Doc. 5) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of January 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Vincent Chester